IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ERIC FLORES, § | | |
| TDCJ No. 02051801, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 7:21-cv-00045-M-BP | |
| § | | |
| UNITED STATES DEPARTMENT OF § | | |
| JUSTICE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint of Plaintiff Eric Flores ("Flores"), an inmate confined in the W. J. "Jim" Estelle Unit of the Texas Department of Criminal Justice in Huntsville, Texas. ECF No. 1. Flores seeks leave to proceed *in forma pauperis*. ECF No. 2. He also has filed a Notice of Leave of Filing Restriction to File Petition to Seek Relief from Imminent Danger Such as Death or Serious Physical Injury. ECF No. 3. In his Notice, Flores requests leave to file his Complaint because he previously, and allegedly fraudulently, has been sanctioned under the "three-strike rule" of 28 U.S.C. 1915(g). ECF No. 3.

Flores alleges in his Complaint that the United States Department of Justice, "Texas Department of Correction," and the Federal Bureau of Investigation, deprived him of government payments to which he is entitled under the Coronavirus Aid, Relief, and Economic Security Act. ECF No. 1. He seeks $13,000 in damages, a preliminary injunction prohibiting prison officials from retaliating against him by killing his relatives, an order for a federal grand jury investigation, an order that Plaintiff and his immediate relatives be placed in the witness

protection program, and an order that the Internal Revenue Service issue him economic impact payments of $600 a week. *Id.* at 2.

      Title 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2021). The Court makes the imminent danger inquiry at the time a plaintiff files his complaint or notice of appeal *in forma pauperis*. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

      In his Notice, Flores asserts that he is in imminent danger such as death or serious physical injury unless the Court permits his case to proceed, but he does not allege any facts to show any such danger of death or serious physical injury. *See* ECF No. 3. Likewise, without pleading any facts supporting his allegation, he states that "prison officials are causeing [sic] the death of the petitioner immediate relatives in retaliation to the petitioners filing of a civil case in the federal district court system…." *Id.* at 5. Flores has not presented any facts to show that he is in imminent danger of serious physical injury. "His speculative and conclusory allegations are insufficient to make the imminence showing required to avoid application of the three strikes bar under § 1915(g)." *Roberson v. Blake*, ___ F. App'x ___, 2021 WL 4047476, at *1 (5th Cir. Sept. 3, 2021) (per curiam) (citing *Baños*, 144 F.3d at 884-85).

      The present case is but the most recent of a series of Flores's frivolous filings. Because Flores was a vexatious litigant, the United States Court of Appeals for the Fifth Circuit has sanctioned him or dismissed one of his appeals on at least three occasions:

> We have previously sanctioned Flores for failing to heed this court's warning regarding the filing of frivolous or repetitive pleadings. *See Flores v. Moore*, 700 F. App'x 367, 367 (5th Cir. 2017). In that case, we directed Flores to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive. *See id.* Because Flores ignored our warning, IT IS FURTHER ORDERED that an additional SANCTION IS IMPOSED. Flores is ORDERED to pay a monetary sanction in the amount of $200, payable to the clerk of this court. Flores is BARRED from filing in this court or in any court subject to this court's jurisdiction any pleading until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleading. Flores is further CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions. He is again DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

*Flores v. Unknown Defendants*, 713 F. App'x 419 (5th Cir. 2018) (per curiam). *See also Flores v. Davis*, 697 F. App'x 318 (5th Cir. 2017) (appeal of district court dismissal under 28 U.S.C. § 1915(g) dismissed).

The Eastern District of Texas has dismissed six of Flores's cases as frivolous and for failure to state a claim under § 1915(g). *See Flores v. United States Department of Justice*, No. 5:20cv83, 2020 WL 6276985 (E.D. Tex. Aug. 4, 2020), *rec. adopted*, 2020 WL 6271194 (E.D. Tex. Oct. 26, 2020); *Flores v. United States Department of Justice*, No. 5:21cv27, 2021 WL 1583910 (E.D. Tex. Mar. 2, 2021), *rec. adopted*, 2021 WL 1574701 (E.D. Tex. Apr. 22, 2021); *Flores v. United States Department of Justice*, No. 5:20cv198, 2021 WL 1214784 (E.D. Tex. Feb. 4, 2021), *rec. adopted*, 2021 WL 1196268 (E.D. Tex. Mar. 30, 2021); *Flores v. United States Department of Justice*, No. 5:20cv187, 2021 WL 1216874 (E.D. Tex. Feb. 4, 2021), *rec. adopted*, 2021 WL 1196236 (E.D. Tex. Mar. 30, 2021); *Flores v. United States Department of Justice*, No. 5:20cv163, 2021 WL 1216876 (E.D. Tex. Feb. 4, 2021), *rec. adopted*, 2021 WL 1196267 (E.D. Tex. Mar. 30, 2021); and *Flores v. United States Department of Justice*, No. 5:20cv193, 2021 WL 1255601 (E.D. Tex. Feb. 4, 2021), *rec. adopted*, 2021 WL 1252033 (E.D. Tex. Apr. 5, 2021).

In dismissing a case filed by Flores under § 1915(g), United States District Judge Keith P. Ellison in the Southern District of Texas cited seven other cases filed by Flores that were dismissed. *See Flores v. Roesler*, No. H-16-1409 (S.D. Tex. May 23, 2016) (citing *Flores v. El Paso Sheriff's Dep't*, No. 3:06–cv–419 (W.D. Tex. Sept. 29, 2007); *Flores v. Anti Gov't Group*, No. 3:10–cv–53 (W.D. Tex. Mar. 1, 2010); *Flores v. U.S. Attorney Gen.*, No. 3:10–cv–59 (W.D. Tex. Feb. 22, 2010); *Flores v. Attorney Gen. For the State of Tex.*, No. 3:10–cv–65 (W.D. Tex. Sept. 29, 2010); *Flores v. U.S. Attorney Gen.*, No. 3:10–cv–256 (W.D. Tex. Sept. 29, 2010); *Flores v. U.S. Attorney Gen.*, No. 1:14–cv–124 (N.D. Tex. Oct. 31, 2014); *Flores v. Holder*, No. 4:14–cv–222 (M.D. Ga. Sept. 4, 2014). Judge Ellison also cited two other cases in which the trial court imposed a monetary sanction against Flores. *See Flores v. Wiles*, No. 3:10–cv–258 (W.D. Tex. Aug. 9, 2010), and *Flores v. U.S. Attorney Gen.*, No. 1:14–cv–198 (E.D. Tex. Mar. 4, 2015)).

Flores has not presented evidence that he has paid the monetary sanction set by the Fifth Circuit, though he does seek leave of the Court to file the pending Complaint. The record reflects that Flores did not pay the Court's filing fee and that he has filed a motion for leave to proceed *in forma pauperis*. A review of his litigation history confirms that he is barred from proceeding *in forma pauperis* under the provisions of the Prison Litigation Reform Act of 1995. Flores has not shown that he is in imminent danger of serious physical injury. Therefore, he is not entitled to proceed *in forma pauperis,* and any such motion should be denied. If he wishes to pursue the instant claims, Flores must pay the $402.00 fee for filing a civil action.

For the foregoing reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** Flores's Notice of Leave of Filing Restriction to File Petition to Seek Relief from Imminent Danger Such as Death or Serious Physical Injury (ECF

4

No. 3) and **DISMISS** this case without prejudice as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 9, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE